## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR130 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| GIOVANI MARRERO, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Giovani Marrero's Motion to Release Defendant on Bond. (Docs. 41 & 42). For the following reasons, the Court **DENIES** Defendant's Motion.

### I. BACKGROUND

On February 3, 2020, the Government filed its Complaint against Defendant. On February 7, 2020, Magistrate Judge Ruiz conducted a Preliminary and Detention Hearing. In a written opinion, the Magistrate Judge ordered Defendant's pretrial detention. (Doc. 7). In doing so, the Magistrate Judge determined that the presumption of detention applied and that Defendant did not rebut the presumption. (*Id*.). The Magistrate Judge also cited Defendant's pending State intervention in lieu of conviction, Defendant's lack of candor and Defendant's presence and role during the offense as additional justifications for detention. (*Id.*).

On February 26, 2020, a Grand Jury indicted Defendant with one count of Conspiracy to Possess with the Intent to Distribute and Distribute Cocaine, a violation of 21 U.S.C. § 846; and one count of Possession with Intent to Distribute Marijuana, a violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(D). (Doc. 10). The Magistrate Judge continued Defendant's pretrial detention. (Non-Doc. Entry, 3/20/2020).

On October 19, 2020, Defendant filed his Motion. (Docs. 41 & 42). The Government opposed the Motion on October 26, 2020. (Doc. 43).

## II. LAW & ANALYSIS

Defendant requests temporary release under 18 U.S.C. § 3143(i). (*See* Doc. 41, PageID: 258). Section 3143(i) allows a district court to "permit the temporary release of [a defendant]…to the extent that…such release [is] necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting a temporary release under § 3143(i). *United States v. Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (non-precedential). Any request under § 3143(i) must be "temporary" and have an end date in mind. *Id.* Moreover, "generalized fears of contracting COVID-19, without more, [do not] constitute a compelling reason." *Id.* Rather, courts must look at individualized circumstances, like a person's danger to the community or flight risk. *Id.*

Here, Defendant does not propose a 'temporary release.' Nor do Defendant's 'individualized circumstances' justify a temporary release. As the Magistrate Judge found, which Defendant does not contest, the presumption of detention applies to Defendant. *See* 18 U.S.C. § 3142(e)(3). Defendant has not rebutted that presumption. And Defendant's behavior in detention, while commendable, is expected; it does not constitute a compelling reason for temporary release.

Moreover, Defendant does not allege any medical condition that may lead to severe consequences should he contract the virus. To the contrary, Defendant is relatively young (30

years old) and in "excellent physical health." (Doc. 5, PageID: 43).  Rather, he relies solely on the general fear of COVID-19, which he cannot do.  *Bothra*, 2020 WL 2611545, at *2.  While the existence of COVID-19 is extraordinary in the normal sense of the word, it has no impact on Defendant's flight risk or danger to the community.  The Magistrate Judge previously determined Defendant presented a danger to the community.  And the presence of COVID-19 does not lessen Defendant's danger to the community.

### III. CONCLUSION

Defendant has not demonstrated a compelling reason for temporary release.  For this reason, Defendant's Motion (Doc. 41 & 42) is **DENIED**.

**IT IS SO ORDERED.**

                                s/ Christopher A. Boyko
                                **CHRISTOPHER A. BOYKO**
                                **Senior United States District Judge**

**Dated: November 16, 2020**